UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK TRUSTEE NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:20-CV-2068 JCM (VCF))<br><br>ORDER |

Presently before the court are plaintiff U.S. Bank Trustee National Association's ("U.S. Bank") motion to remand (ECF No. 4) and motion for attorney's fees and costs (ECF No. 5). Defendant Chicago Title Insurance Company ("Chicago Title") responded in opposition (ECF No. 9) to which U.S. Bank replied (ECF No. 10).

**I.    BACKGROUND**

This is a breach of contract and insurance bad faith case arising from a denial of U.S. Bank's title insurance claim. U.S. Bank is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (ECF No. 4 at 3). It alleges that Chicago Title Insurance Company ("Chicago Title") and/or Chicago Title Agency of Nevada ("Chicago Nevada") insured that the deed of trust was superior to competing liens, including the HOA's lien. (*Id.*). The HOA eventually foreclosed on its lien in October 2013 and U.S. Bank was left to defend against quiet title claims. (*Id.* at 3–4).

U.S. Bank filed this suit in Nevada state court on November 10, 2020. (*Id.* at 2). Chicago Title removed the case to this court on the very same day before any party could be served. (Notice of Removal, ECF No. 1 at 3; ECF No. 4 at 2). U.S. Bank now moves for

**James C. Mahan**
**U.S. District Judge**

remand, arguing that Chicago Title's so-called "snap removal" is procedurally improper. (ECF No. 4).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statute, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* § 1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must show by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, if removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042.

Under the forum defendant rule, a diversity case cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

## III. DISCUSSION

### A. Chicago Nevada is not a Fraudulently Joined Defendant

The court disregards fraudulently joined defendants when determining if there is complete diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A

James C. Mahan
U.S. District Judge

- 2 -

joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Both U.S. Bank and Chicago Title agree that defendant Chicago Nevada is a Nevada corporation. (ECF No. 1 at 2; Compl., ECF No. 1-1 ¶ 4). But Chicago Title argues that Chicago Nevada is fraudulently joined to defeat removal because all of U.S. Bank's claims arise out of its title insurance policy yet "[Chicago Nevada] has never been an underwriter of title insurance policies[ ] and did not underwrite the specific policy identified in U.S. Bank's complaint." (ECF No. 1 at 3). Put plainly, Chicago Title says Chicago Nevada is a mere local title agent and not a title insurer.

In response, U.S. Bank points out that "the HUD-1 Settlement Statement ("HUD Statement") identifies Chicago Nevada as the settlement agent with the same Las Vegas, NV, address as the first page of the Policy and expressly provides that the title insurance charges are to be paid to Chicago Nevada." (ECF No. 4 at 13). It alleges that "Chicago Nevada was [ ] the entity to issue the policy and accepted payment for issuance of the policy. It knew exactly what coverage was sought and required" and may be held liable on contractual, alter ego, or joint venture grounds. (*Id.* at 13–14 (internal footnote omitted)).

"In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-1739 JCM-CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014). Nonetheless, the viability of such claims by a lender like U.S. Bank against local title agents like Chicago Nevada is currently uncertain. *See HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01515-JAD-BNW, 2020 WL 7625233, at *2 (D. Nev. Dec. 22, 2020) (noting the

numerous Nevada title insurance cases on appeal and holding that claims against Fidelity Nevada were not yet "certain losers"); *accord Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-1461-JCM-NJK, 2020 WL 5898779, at *3 (D. Nev. Oct. 5, 2020) (discussing claims against an allegedly fraudulently joined local title agent); *Carrington Mortg. Servs., LLC v. Ticor Title of Nevada, Inc.*, No. 2:20-cv-699-JCM-NJK, 2020 WL 3892786, at *5 (D. Nev. July 10, 2020) (same). The court cannot say that Chicago Nevada was fraudulently joined merely because it is a local title agent and the gravamen of U.S. Bank's complaint is breach of insurance contract and insurance bad faith claims.

Furthermore, Chicago Title ignores U.S. Bank's well-pleaded tort claims against Chicago Nevada for deceptive trade practices and unfair claim settling practices. (ECF No. 1-1 ¶¶ 176–205); *accord HSBC Bank USA, Nat'l Ass'n*, 2020 WL 7625233, at *3; *Wells Fargo Bank, N.A. v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621, at *2 (D. Nev. Dec. 15, 2020).

All in all, while U.S. Bank may not ultimately recover from Chicago Nevada, there is a *possibility* that a Nevada state court could find that U.S. Bank states a cause of action against Chicago Nevada. In other words, Chicago Title has not met its heavy burden to show by clear and convincing evidence that Chicago Nevada is fraudulently joined.

**B**. **Chicago Title's Snap Removal was Improper Under 28 U.S.C. § 1441(b)(2).**

Because Chicago Nevada is a properly joined forum defendant, the forum defendant rule in § 1441(b)(2) applies. The court must now consider if Chicago Title's snap removal was proper. Snap removal is the tactic of removing a diversity case before a forum defendant has been served. Chicago Title argues that snap removal is a permissible means to avoid the forum defendant rule, mainly relying on two cases from the Second and Third Circuits that ostensibly endorse the tactic. (ECF No. 9 at 4–5 (discussing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018))).

James C. Mahan
U.S. District Judge

- 4 -

This is not the court's first say on snap removal. The court adopts its prior reasoning from *Carrington* and *Wells Fargo Bank*.[1] *See Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes **at least one party has been served**." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4 ("The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.").

Because no defendant had been served prior to Chicago Title's removal, this case must be remanded. (ECF No. 1 at 3).

### C. U.S. Bank is not Entitled to Attorney's Fees and Costs

Absent a statute or enforceable contract, a court generally may not depart from the "American Rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

One such statute is 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 136; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Courts in the Ninth Circuit assess the clarity of the relevant law to determine if there was an objectively reasonable basis for seeking removal.

---

[1] The court's reasoning has been adopted by Judges Dorsey and Gordon. *HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621.

**James C. Mahan**
**U.S. District Judge**

- 5 -

*See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the relevant law clearly foreclosed the defendant's basis of removal.").

U.S. Bank avers that Chicago Title has engaged in the jurisdictional gamesmanship at issue here in "every single HOA related title insurance case filed in the last two months." (ECF No. 4 at 6). It has done so despite a growing consensus among this district's judges that its tactics contravene the language and purpose of the removal statute. *See supra* n.1. Nonetheless, because the Ninth Circuit has yet to rule on snap removal and there is persuasive authority supporting the tactic, Chicago Title had an objectively reasonable basis for seeking removal. Thus, U.S. Bank's motion for fees and costs is denied.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion to remand (ECF No. 4) be, and the same hereby is, GRANTED and its motion for attorney's fees and costs (ECF No. 5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-824504-C, and close this case.

DATED January 22, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**